CENTRAL FARMER'S TRUST CO. v. FORT LAUDERDALE BANK AND TRUST CO., *et al.*

153 So. 93.
Division A.
Opinion Filed February 27, 1934.

*E. M. Baynes,* for Appellant;

*McCune, Hiaasen & Fleming,* for Appellees.

DAVIS, C. J.—Final decree was entered by the Circuit Court finding that there was due the appellant the sum of $2,774.16 which was decreed to be a preferred claim against the cash assets of the defunct Fort Lauderdale Bank and Trust Company. But the court also held that since it appeared that the cash assets of the bank were insufficient to pay a total of the $113,513.63 in claims of equal rank and dignity against the cash assets of only $22,848.85, that the claim of complainant should not be paid in full but should be paid proportionately and ratably out of the total cash assets, and not as a specially preferred claim against a certain cash collection amounting to $10,274.41 that the receiver of the bank had made from an Illinois correspondent bank. It was upon the Illinois correspondent

bank that appellant held uncollected drafts which formed the basis of its claim of preference, which the court allowed under authority of the decision of this Court in Myers v. Federal Reserve Bank of Atlanta, 101 Fla. 407, 134 Sou. Rep. 600.

Under our statute a check or draft of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank upon which it is drawn (Section 6928 C. G. L., 4842 R. G. S.). The fact that the Fort Lauderdale Bank & Trust Company used as one of its banking conveniences a draft on its Illinois correspondent bank, instead of actual cash, as a means of remitting money, does not take this case out of the general rule, because the theory of the law is that all funds on deposit with correspondent banks taken together with the actual cash in the bank's vault, constitutes but one fund which for convenience is designated the cash reserve of the bank.

The augmentation and tracing involved in a case brought under the doctrine announced and approved in Myers v. Federal Reserve Bank of Atlanta, *supra,* is not actual but constructive. The tracing involved in a case like Myers v. Matusek, 98 Fla. 1126, 125 Sou. Rep. 360, is actual.

Under the doctrine of constructive augmentation and tracing of remittance items, as laid down in Myers v. Federal Reserve Bank of Atlanta, 101 Fla. 407, 134 Sou. Rep. 600, the augmentation is constructively deemed to have been to the total cash assets of the bank considered in the aggregate. And to that extent it has been recognized in this jurisdiction that a constructive tracing into the fund which comprises the total of the cash assets of a defunct bank, may be maintained by proof that the total aggregate cash assets are larger in amount than they would have been if that had been done by the bank before it closed which

ought, in equity and good conscience, have been done by it toward the accomplishment of an actual segregation of assets before the bank closed by so ear-marking same as to show that it had acquired and claimed no title to such ear-marked assets as against the preferred claimant whose funds had been commingled with the funds of the bank itself.

The doctrine of constructive augmentation and tracing heretofore adopted, approved and followed in this State is not to be extended to the point of rendering nugatory in effect our statutory provision that the mere drawing of a draft or check does not, of itself, operate as an assignment of funds in the hands of the drawee bank.

We find no error in the decree appealed from, so the same must be and the same is hereby affirmed.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.